IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JULIE DUNLOP ESPINOZA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:00-CV-1975-L |
| | § | |
| TEXAS DEPARTMENT OF PUBLIC | § | |
| SAFETY, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Second Motion to Amend Complaint, filed October 27, 2006.

By her motion, Plaintiff seeks leave of court to amend her complaint to seek damages under Section

504 of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 794-794a (1999).[*]  Defendant opposes the

relief requested.  Having considered the motion, response, record and applicable law, the court

**grants**  Plaintiff's Second Motion to Amend Complaint.

**I.**     **Discussion**

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely

given when justice so requires." Fed. R. Civ. P. 15(a).  The federal rules permit liberal pleading and

amendment to facilitate adjudication of the merits by avoiding excessive formalism. *See Lowrey v.*

---

[*]Plaintiff sued Defendant on September 8, 2000 alleging that Defendant violated Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 12101, *et seq.* (1995) and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C.A. §§ 794-794a (1999), because its process for renewing drivers licenses discriminated against persons with disabilities. Specifically, Plaintiff claims that Defendant's requirement that she submit to a comprehensive examination to demonstrate her qualifications as a driver in order to renew her drivers license violated the ADA and the Rehabilitation Act.  On August 25, 2005, the Fifth Circuit Court of Appeals affirmed this court's September 30, 2002 decision denying Defendant's motion to dismiss Plaintiff's Rehabilitation Act claim on the basis of sovereign immunity, and remanded the case to this court. *Espinoza v. Texas Department of Public Safety*, No. 02-11168, slip op. at 2 (5th Cir. Aug. 25, 2005), *cert. denied*, 126 S.Ct. 1652 (2006).

*Texas A & M Univ.*,117 F.3d 242, 245 (5th Cir. 1997).  The decision whether to grant leave lies within the sound discretion of the trial court.  *Louisiana v. Litton Mortgage Co.*, 50 F.3d 1298, 1302-03 (5th Cir. 1995).  Leave to amend should be given in the absence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility of amendment."  *In re Southmark Corp*., 88 F.3d 311, 314 (5th Cir. 1996), *cert. denied*, 519 U.S. 1057 (1997).

On July 21, 2006, the court entered a scheduling order requiring the parties to file all motions to amend and motions to join additional parties by no later than October 27, 2006.  Plaintiff filed her Second Motion to Amend Complaint on October 27, 2006.  Thus, her motion is timely and should be considered under Rule 15(a).  In its response, Defendant contends that Plaintiff's motion should be denied, since she must "elect between the two remedies she seeks, either choosing to pursue a claim for damages under the Rehabilitation Act, 29 U.S.C. § 794a, or to pursue injunctive relief only against the State under the Americans With Disabilities Act, 42 U.S.C. § 12101 because of the *Ex Parte Young* exception to Defendant's Eleventh Amendment immunity."  Defendant's response fails to mention Rule 15(a), or any considerations a court should consider in determining whether to allow amendment of the pleadings under Rule 15(a).  The court finds no evidence of undue delay, bad faith or dilatory motive on the part of Plaintiff, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to Defendant, or futility of amendment.  Moreover, having considered Defendant's opposition, the court determines that the argument it raises is inapposite to a motion for leave to amend pleadings, and more properly the subject of a motion to dismiss.

## II.	Conclusion

For the reasons set forth above, the court **grants** Plaintiff's Second Motion to Amend Complaint.  The court **directs** Plaintiff to file her Second Amended Complaint within three (3) business days of this order.

**It is so ordered** this 21st day of November, 2006.


Sam A. Lindsay
United States District Judge